IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT ARMSTRONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:06-CV-147 |
| | § | |
| ATLAS-TELECOM SERVICES-USA, INC., | § | |
| f/k/a JOHN TIDROW AND ASSOCS., INC., | § | |
| JOHN TIDROW, SANDY BARNES, | § | |
| LENNY FEINER, and | § | |
| ATLAS TELECOM NETWORKS, INC. | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND
## AND GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE

The following motions, responses, and reply are before the court:

1.  Plaintiff's Motion to Remand and for Attorney's Fees ("Motion") and Brief in Support Thereof ("Brief")  (docket entry #9);

2.  Defendants' Atlas Telecom- Services, Inc., John Tidrow, Sandy Barnes, and Atlas Telecom Network, Inc. ("Defendants")[1] Response to Motion to Remand and Brief in Support Thereof ("Response") (docket entry #15);

3.  Motion to Dismiss for Improper Venue or, in the alternative, to Transfer Venue, and Memorandum in Support Thereof on Behalf of Defendants Atlas Telecom Services - USA, Inc., John Tidrow, Sandy Barnes and Atlas Telecom Network, Inc. (docket entry #4);

4.  Plaintiff's Response to Motion to Dismiss for Improper Venue or, in the alternative, to Transfer Venue, and Memorandum in Support Thereof on Behalf of Defendants Atlas Telecom Services - USA, Inc., John Tidrow, Sandy Barnes and Atlas Telecom Network, Inc. (docket entry #28); and

---

[1]  Defendant Larry Feiner did not join the Defendants who filed the Response.

5.      Reply to Plaintiff's Response to Defendants' Motion to Dismiss for Improper Venue or, in the alternative, to Transfer Venue, and Memorandum in Support Thereof on Behalf of Defendants Atlas Telecom Services - USA, Inc., John Tidrow, Sandy Barnes and Atlas Telecom Network, Inc. (docket entry #32).

After reviewing the parties' arguments, submissions, and the applicable law, the court is of the opinion that Plaintiff's Motion to Remand should be denied and the Defendants' Motion to Dismiss for Improper Venue should be denied but that their Motion to Transfer should be granted.

## I. BACKGROUND

Plaintiff Robert Armstrong ("Armstrong") brought suit against Defendants in state court on March 1, 2006, alleging Texas state law causes of action, including state securities fraud, fraudulent transfer, fraudulent concealment, breach of contract and several others.   Notice of Removal ("Notice"), Ex. C.  Defendants removed the suit from the 199th Judicial District Court of Collin County, Texas on April 12, 2006.  Notice, p. 1.  Claiming Defendants' removal is defective because complete diversity does not exist, Armstrong now moves to remand this suit back to state court.

In July 2001, Armstrong loaned $100,000 to Millennium Armor Corporation ("Millennium"). Notice, Ex. C.  Defendants Larry Feiner ("Feiner") and John Tidrow ("Tidrow") represented to Armstrong that the funds would be used by Millennium to develop bullet proof armor.   *Id.* Armstrong loaned Millennium $25,000 on October 31, 2001, and $50,000 on February 1, 2002, all for the alleged purpose of developing bullet proof armor.   *Id.*  Armstrong asserts that Millennium did not use the loaned monies for this purpose; rather, it used the money to pay the employees of Defendant John Tidrow & Associates ("JTA"), to purchase equipment for JTA, and to provide cash to officers and directors of JTA.   *Id.*  Armstrong alleges that he was not told when he made the loans that JTA and Millennium were virtually identical entities in that they had the same bank accounts,

-2-

same employees, and the companies' funds were interchangeable. *Id.* Armstrong further alleges that Millennium did not disclose JTA's liabilities to Armstrong at the time he made the loans and that Millennium misrepresented that the funds to repay the loans were readily available. *Id.*

By Fall 2002, several JTA creditors either had or were commencing civil proceedings against JTA to collect monies due to them, and in February 2003, a judgment was entered against JTA. *Id.* After a period of negotiations and transactions, JTA entered into an asset-transfer agreement in which JTA transferred all of its assets to Defendant Atlas-Telecom Services-USA, Inc. ("Atlas"). *Id.* Tidrow filed for Chapter 7 bankruptcy and eventually dissolved JTA. Armstrong alleges that Atlas received six million dollars in revenue as a result of the asset transfers. *Id.*

All of the Defendants, with the exception of Feiner, were served on March 13, 2006. Notice, ¶ 5. Armstrong served Feiner via the Secretary of State on April 25, 2006. Brief, Ex.  Feiner, apparently unknown to Armstrong, filed for Chapter 7 bankruptcy on June 28, 2004. Notice, ¶ 6. His bankruptcy was determined to be a "no asset" bankruptcy, and he was granted a discharge on October 20, 2004, a year and a half before Armstrong filed this suit. *Id.* The bankruptcy case has been closed. *Id.* Defendants essentially argue that Armstrong fraudulently joined Feiner. They contend that Armstrong cannot establish a cause of action against Feiner, the lone non-diverse defendant, because Feiner has been discharged in bankruptcy and such a discharge acts as an injunction against any attempt to recover pre-bankruptcy debt. *Id.* Response, ¶ 9. Armstrong responds that Feiner is a necessary party because he collected the funds Armstrong loaned and more importantly, Armstrong was unaware of Feiner's bankruptcy because he never received actual or constructive notice of it. Brief, p. 3. Therefore, Feiner's discharge did not include any debt owed to Armstrong, making Feiner a proper defendant.

## II.  REMOVAL BASED ON "FRAUDULENT JOINDER"

A.  Standard

The federal removal statute allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a) (2006).  Any action over which the district courts have original jurisdiction based upon a claim under federal law may be removed without regard to the citizenship of parties; however, all other suits are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b) (emphasis added). If a defendant believes that the plaintiff improperly joined a defendant in an effort to defeat diversity jurisdiction, the defendant may remove the case to a federal forum but must prove that the in-state defendant was not properly joined. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

B.  Discussion and Analysis

*1.  Applicable Law*

The Fifth Circuit has recognized two ways in which a defendant may establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).  Defendants in the instant case argue improper joinder under only the second method.  The test for fraudulent joinder under this method is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Id.*  In other words, there must be "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*  In

-4-

making this determination, all ambiguity and contested issues of material fact must be resolved in

the plaintiff's favor. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The party

seeking removal bears the heavy burden of proving that the joinder was improper. *See id.* at 701.

Further, the defendants' burden is directed toward the in-state defendant. That is, if the defendants

make a showing that there is no reasonable basis for predicting recovery as to the in-state defendant,

but such a showing is equally dispositive as to all defendants, the requisite showing of improper

joinder has not been made. *Smallwood*, 385 F.3d at 575. Such a showing would prove only that

there is a lawsuit lacking in merit. *Id.* Also, a lack of substantive evidence as to the non-diverse

defendant does not support a conclusion that he was fraudulently joined. The defendant must present

evidence that negates any possibility of liability on the part of the in-state defendant. *Travis*, 326 F.

3d at 650.

In determining whether there is a reasonable basis for the district court to predict that the

plaintiff might be able to recover against an in-state defendant, the court should initially conduct a

Rule 12(b)(6)-type analysis and look to the allegations in the complaint. *Smallwood*, 385 F.3d at

573. If the court determines that the complaint states a claim under state law against the in-state

defendant, there is no improper joinder. *Id.* The Fifth Circuit has recognized that there will be some

cases, however, in which the plaintiff stated a claim but misstated or omitted discrete facts, which

would determine whether joinder was proper. *Id.* Under those circumstances, the district court may,

in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.* But, if the court does

pierce the pleadings, it must  do so only to identify the presence of discrete and undisputed facts that

would preclude a plaintiff's recovery against the in-state defendant.[2] *Id.* at 573-74.

2.    *Analysis*

Defendants contend that the debt which Feiner owes to Armstrong, the repayment of which Armstrong is seeking in the instant case, was discharged when Feiner received his Chapter 7 discharge.   Therefore, according to the Defendants, this discharge acts as an injunction barring Armstrong from collecting on the debt owed by Feiner and making it impossible for Armstrong to recover from Feiner.   Armstrong responds that Feiner did not list Armstrong as a debtor on his schedule and Armstrong had no knowledge, actual or constructive, of the bankruptcy, so his debt was not discharged.   For the following reasons, the court agrees with the Defendants' contentions and finds that Feiner was improperly joined in the instant case.

In a chapter 7 bankruptcy, except as provided by 11 U.S.C. section 523, a discharge under section 727 will discharge all debts that arose before the date of the discharge order.  11 U.S.C. § 727(b) (Supp. 2006).   Section 523 states several exceptions to discharge, including exceptions for those debts which the debtor did not list on the bankruptcy schedule.   *See* 11 U.S.C. § 523(a)(3) (Supp. 2006).   In the Fifth Circuit, under section 523(a)(3)(A), whether an unlisted debt, which is not an "intentional tort debt," is presumed to be discharged depends upon the court's analysis of the following three factors: (1) the reasons the debtor failed to list the creditor; (2) the amount of disruption which would likely occur; and (3) any prejudice suffered by the listed creditors and the unlisted creditor in question.   *In re Stone*, 10 F.3d 285, 289-90 (5th Cir. 1994) (citing *Robinson v. Mann*, 339 F.2d 547, 550 (5th Cir. 1964)).

---

[2] Examples of such facts include those that can be easily disproved if not true, such as an "in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence is not as alleged." *Smallwood*, 385 F.3d at 573 n.12.

As to the debtor's reason, the court may not discharge the debt if the failure to schedule the debt was due to intentional design, fraud, or improper motive, but if the failure was due to negligence or inadvertence, equity points the court toward discharge. *Stone*, 10 F.3d at 291. As to the amount of disruption, when it is a no-asset bankruptcy case, there will be no disruption to the administration of the case. *In re Amer. Chiropractic Clinic-North Dallas, P.C.*, 2002 WL 1782376, *4 (Aug. 1, 2002 N.D. Tex). Under the third factor, which, in conjunction with the first factor has been deemed the most critical, the creditors are prejudiced "only if their rights to receive their share of dividends and obtain dischargeability are compromised." *Stone*, 10 F.3d at 291. Generally, in a no-asset case no prejudice occurs because no creditor would receive any dividends even if he were listed *first* on the schedule. *Id. In re Amer. Chiropractic Clinic-North Dallas, P.C.*, 2002 WL 1782376 at *4.

Applying the above law to the facts, the court finds that Armstrong's debt was included in Feiner's bankruptcy discharge. First, there is no indication that Feiner's failure to give notice was due to intentional design, fraud, or improper motive. Second, the bankruptcy action was a no-asset case, and therefore there will be no disruption to the administration of the case. Finally, the third, and most critical, factor weighs in the favor of concluding that the debt was discharged. There will be little to no prejudice to Armstrong because the bankruptcy case was a no-asset case and, more importantly, because there was no deadline for filing proofs-of-claim. *Stone*, 10 F.3d at 290 (citing Bankr. R. 3002(c)(5)). Thus, Armstrong would not have recovered anything in the bankruptcy proceedings even if he had been given notice. Further, Armstrong now has notice, and if he so chooses, may move to reopen the case and request to be listed as a creditor in the event that Feiner's case were reopened to administer previously undisclosed assets. *See In re Hunter*, 116 B.R. 3, 5 (Bankr. D.C. 1990). Thus, the court finds that the discharge in Feiner's bankruptcy case included

Armstrong's debt.[3]   Therefore, there is no basis upon which Armstrong could recover from Feiner because all claims arise out of the pre-bankruptcy transaction.  Accordingly, the court finds he was improperly joined.  *See Smallwood*, 385 F.3d at 573.

### III.   MOTION TO DISMISS OR TO TRANSFER VENUE

Venue is generally governed by 28 U.S.C. section 1391.  Under that section, when a civil action is brought in federal court and jurisdiction is founded on diversity of citizenship alone, the action may be brought only in one of the following three places:

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (2006).  Armstrong's sole argument for basing venue in the Sherman Division of the Eastern District of Texas is that Feiner resides in the Eastern District of Texas.  With the court having determined that Feiner was improperly joined and is therefore no longer a party, and given the fact that all remaining Defendants do not reside in the same state, the focus is then upon where a substantial part of the events giving rise to the claim occurred.  The court concludes that such

---

[3] The court recognizes that if the debt is what is referred to as an "intentional tort debt," those found in sections 523(a)(2), (4), and (6) (debts which were obtained via false pretenses, fiduciary fraud, or willful and malicious injury to property, respectively), the bankruptcy statute treats them differently.  If the creditor alleges that it is an intentional tort debt, the creditor is permitted to request the bankruptcy court to determine whether the debts are dischargeable; in other words, whether the debtor actually committed an intentional tort.  § 523(a)(3)(B).  Despite that, the Fifth Circuit has also recently stated that because no deadline for filing of claims is set in a no-asset Chapter 7 case, pre-petition debts are discharged even if they are not listed on the original schedules.  *In re Egleston*, 448 F.3d 803, 814 n.12 (5th Cir. 2006).  In the instant case Armstrong did allege fraud in the transaction, meaning that the debt might be an intentional tort debt; however, Armstrong has not moved in the bankruptcy court to have his debt excepted.  Based upon the Fifth Circuit's decision in *Egleston*, the fact that Armstrong now has notice of the bankruptcy and there is no deadline for filing claims in the bankruptcy case, and the fact that Armstrong has not argued to this court that an intentional tort debt exists, the court is of the opinion that section 523(a)(3)(B) does not affect its analysis.

events did not occur in the Eastern District of Texas.

According to the Affidavit of John Tidrow, which was not disputed by Armstrong, no significant activity that occurred in Texas and led up to this cause of action occurred in Collin County, or any other county, besides Dallas County.  Tidrow Aff. ¶ 3.  Millennium's office was located in Dallas, which is where a majority, if not all, of the events in Texas giving rise to this claim took place.  All other significant acts and transactions giving rise to Armstrong's claims occurred in the State of North Carolina or elsewhere, but not in the Eastern District of Texas.  Therefore, the court finds that Armstrong has not made a sufficient showing that any of the acts or transactions that form the basis of its claims occurred within the Eastern District of Texas.

Because Defendant Feiner was improperly joined in the instant case, Armstrong can present no evidence to establish that venue is proper in the Eastern District of Texas.  Thus, under 28 U.S.C. section 1391(a) venue is proper in the Dallas Division of the U.S. District Court for the Northern District of Texas, as Millennium's business office is located, and its transactions occurred, in that city.  The court has discretion to transfer this case to a court of proper venue, if doing so would be in the interest of justice.  28 U.S.C. § 1406(a).  The court is of the opinion that it would be in the interest of justice to transfer this case to the Dallas Division of the U.S. District Court for the Northern District of Texas.

### IV.  CONCLUSION

Having considered the motions, responses, reply, and applicable law, the court orders that the Plaintiff's Motion to Remand and for Attorney's Fees (docket entry #9) is hereby **DENIED** because Defendant Larry Feiner was improperly joined.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss for Improper Venue or,

in the alternative, to Transfer Venue, and Memorandum in Support Thereof (docket entry #4) is **DENIED** as to dismissal but **GRANTED** as to transfer, and therefore this action is transferred to the Dallas Division of the U.S. District Court for the Northern District of Texas.  Because this court is not the proper venue for Armstrong's claims, any remaining pending motions not previously ruled upon are now moot and are therefore **DENIED** without prejudice to their being re-urged before the Dallas Division of the United States District Court for the Northern District of Texas.

**SIGNED this the 20th day of March, 2007.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE